## KREBS *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 19, October Term, 1951.]

*Decided February 8, 1952.*

Before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

COLLINS, J., delivered the opinion of the Court.

This is an application by Melvin Krebs for leave to appeal from the denial of a writ of *habeas corpus* by Judge Bailey.

Petitioner alleges that he was tried and convicted in the Criminal Court of Baltimore City for larceny and forgery and sentenced on October 18, 1949, for a term of three years in the Maryland House of Correction. On the recommendation of a psychiatrist he was transferred on January 24, 1951, to Spring Grove State Hospital for treatment. He remained there until June 26, 1951, when he was returned to the Maryland House of Correction.

He contends that his transfer to Spring Grove Hospital operated as a discharge from the House of Correction. With this contention we do not agree. As pointed out by Judge Bailey, who heard the application for the writ, Section 782A of Article 27 of the 1947 Supplement of the Code provides in part: "Whenever it appears to the officer in charge of any penal institution that a prisoner in such institution is ill, and that the facilities of the institution are inadequate to provide treatment for such illness, the said officer may recommend to the Board of Correction that such prisoner be *temporarily removed* to any place within the State where adequate treatment may be obtained." (Emphasis supplied). That section further provides that the removal shall be "subject to such rules and regulations with regard to guards, supervision and terms of temporary release as the Department of Correction may prescribe, provided that any such order shall direct the return of such prisoner to the institution in which he was confined as soon as the state of his health will permit * * * and the prisoner shall be regarded during the time of such removal as remaining in custody of

the penal institution to which he has been sentenced for the purpose of determining the time when he shall be released from such sentence". There are no allegations here that the provisions of this statute were not complied with. *Hirons v. Warden,* 198 Md. 662, 80 A. 2d 608. The use of the term "temporarily removed" is an indication that the prisoner is to be returned, when he recovers, to the penal institution from which he was originally removed.

The petitioner further alleges that he should be allowed time of five days a month for his good conduct while in Spring Grove. Section 770 of Article 27 of the Code (1947 Supplement) as amended by Chapter 65 of the Acts of 1950, provides certain conditions for the reduction of sentences of persons confined in penal institutions, and leaves much to the discretion of the Board of Correction. The petitioner here asserts no facts that this discretion was abused. Furthermore, we have held that complaint regarding prison management should be directed to the Board of Correction. This Court cannot assume that this Board has abused its power. *Edmondson v. Warden,* 194 Md. 707, 69 A. 2d 919; *Holliday v. Warden,* 198 Md. 651, 80 A. 2d 608. As pointed out by Judge Bailey, even if petitioner were allowed his deductions for good conduct he would not be entitled to release at this time. The application to appeal will be denied.

*Application denied, with costs.*